UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL P. MITCHELL,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CIVIL ACTION NO. 07-10624
CRIMINAL NO.    00-80675

DISTRICT JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Respondent's Motion to Dismiss the instant Motion to Vacate, Set Aside, or Correct Sentence should be GRANTED since Petitioner is no longer in custody relative to the sentence being attacked.

* * *

Petitioner, formerly a practicing attorney, filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on February 9, 2007, seeking to set aside his May 2001 conviction and sentence for income tax evasion, in violation of 26 U.S.C. § 7201. Petitioner was convicted following a bench trial before the Honorable Paul Borman of the United States District Court in Detroit, Michigan. Judge Borman sentenced Petitioner to 41 months' imprisonment and a three year term of supervised release.

The conviction and sentenced were affirmed by the Sixth Circuit in 2004. The United States Supreme Court affirmed the conviction in April 2005, but vacated the sentence in light of United States v. Booker, 543 U.S. 220 (2005)[1]. Consequently, the case

---

[1] In Booker, the Court ruled that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 256.

was remanded to this Court in August 2005, for further consideration of the sentence. Judge Borman re-sentenced Petitioner on November 7, 2005, to the same 41 month sentence he had previously imposed. Since Petitioner had already completed serving the 41 month term of incarceration, the remainder of the sentencing was continued until Judge Borman heard arguments on whether the reimposition of the three year term of supervised released would hamper Petitioner's readmission to the State Bar of Michigan. Ultimately accepting Petitioner's assertion that continued supervision would hinder him from regaining his law license, Judge Borman subsequently imposed a ten month term of supervised release. Having received credit for the period of supervision he had already served, Petitioner completed his period of supervised release on February 19, 2006. The instant § 2255 petition was not filed until February 9, 2007, almost a year later.

Respondent filed a Motion to Dismiss the instant petition[2] on June 27, 2007, contending that Petitioner is not entitled to relief under § 2255 because he is no longer in custody relative to the sentence being attacked. The Government points out that since Petitioner fully served his 41 month custodial sentence and 10 months of supervised release by February 2006, he has failed to meet the jurisdictional requirements of § 2255 in order to be entitled to any relief.

In a response to the Government's Motion to Dismiss, dated July 18, 2007, Petitioner asserts that this Court has jurisdiction to grant relief because his tax evasion

---

[2]In lieu of a responsive pleading, Respondent filed a Motion to Dismiss, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil procedure, raising the defense of lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. It is the government's position that the Court is without jurisdiction over the subject matter because Petitioner was not in custody at the time he filed his petition, and that the petition fails to state a claim upon which relief can be granted.

conviction and felony status has hampered his ability to obtain a law license and own firearms. He further declared that a § 2255 petition was the sole remedy now available to him to raise the issue of whether he had received the effective assistance of counsel at trial[3].

DISCUSSION AND ANALYSIS

A federal prisoner seeking the relief available by petition for habeas corpus must generally proceed by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This section has been held to be the equivalent of habeas corpus with respect to federal prisoners. Swain v. Pressley, 430 U.S. 372, 381 (1977). The right to relief under § 2255 is limited by the express terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful, would be entitled to be released.[4] Duggins v. United States, 240 F.2d 479, 484 (6th Cir. 1957). If a prisoner has already served the sentence which he is attacking by a proceeding under § 2255, he is not in custody under that sentence and cannot maintain the proceeding. Id. at 482; United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); Juelich v. United States, 257 F.2d 424, 425 (6th Cir. 1958).

---

[3]Since the United States Supreme Court only vacated Petitioner's sentence, not his conviction, for income tax evasion, the time to have timely raised a § 2255 petition asserting the ineffective assistance of counsel claim was within a year after the conviction became final. Clay v. United States, 537 U.S. 522 (2003).

[4]Section 2255 states in relevant part that:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The parties agree that Petitioner had completed his custodial sentence as well as his term of supervised release at the time he filed the instant § 2255 petition. Thus, there is nothing at the present time from which he could possibly be "claiming the right to be released". Because Petitioner cannot establish one of the jurisdictional prerequisites to a valid § 2255 petition, his custodial status, the Court is without jurisdiction and the petition should be dismissed. Accordingly, it is recommended that Respondent's Motion to Dismiss be granted, and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2007

___

### CERTIFICATE OF SERVICE

I hereby certify on November 20, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 20, 2007. **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217